## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:21CR00030-008 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JASON LEAB,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Jason Leab, is charged by Indictment with conspiring to distribute and possessing with intent to distribute methamphetamine, the conspiracy beginning on October 1, 2020.  In advance of trial, he has filed a Motion in Limine to exclude evidence as set forth in a Notice by the government.  In the Notice, the government stated that it intended to introduce the following as proper evidence under Federal Rule of Evidence 404(b):

> • Between on/about May 2020 and on/about November 2020, the defendant distributed methamphetamine in and around Bristol, Virginia for convicted drug distributor Bobby Wayne Haislip.  Evidence of the defendant's prior methamphetamine distribution activity will be introduced through witness testimony and through Facebook messages between the defendant and Mr. Haislip, including a photograph of crystal methamphetamine sent from Mr. Haislip to the defendant depicting the quality of the product.

• In November 2020, Mr. Haislip was arrested and incarcerated for distribution of methamphetamine. Around that time, the defendant began selling methamphetamine directly for convicted co-conspirator Paul Crone.

Notice, ECF No. 269.[1]   Haislip was convicted and sentenced in a recent separate case in this court for conspiracy to distribute methamphetamine.  *United States v. Haislip*, 1:21CR00022-001.  Crone is a sentenced coconspirator in Leab's case.

The Fourth Circuit has set forth the following four-factor test for the admissibility of "bad acts" evidence under Federal Rule of Evidence 404(b):

> (1)The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Johnson*, 617 F.3d 286, 296–97 (4th Cir. 2010) (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *United States v. McBride*, 676 F.3d 385, 397

---

[1]   The defendant also objected to the introduction of certain prior convictions of the defendant as 404(b) evidence as set forth in a separate Notice by the government, ECF No. 270.  The government now disclaims any intent to seek to introduce that evidence in its case in chief, and so the issue is moot.

(4th Cir. 2012). "Where such acts are sufficiently related, the relevance of the evidence derives from the defendant's having possessed the same state of mind in the commission of both the extrinsic act and the charged offense." *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991) (internal quotation marks and citation omitted).

Finally, I must consider whether the evidence "has the potential to cause undue prejudice, and if so, whether the danger of such undue prejudice substantially outweighs its probative value." *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995) (internal quotation marks and citation omitted). This will not be the case "where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (internal quotation marks, citation and alterations omitted).

At this point I cannot find that the evidence must be excluded. Based on the government's representations, it appears to be sufficiently similar to the crime charged, close in time, and not unduly prejudicial.

Accordingly, it is **ORDERED** that the defendant's Motion in Limine, ECF No. 498, is DENIED.

ENTER:  June 7, 2022

/s/  JAMES P. JONES
Senior United States District Judge

-3-