## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:21CR00030-008 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JASON LEAB**, | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, and Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Nancy C. Dickenson-Vicars and Matthew Hill, Assistant Federal Public Defenders, Abingdon, Virginia, for Defendant.*

Before the court is the defendant's Motion in Limine to preclude the government's introduction at trial of certain messages and photos from the defendant's Facebook account on the ground that the government did not disclose the evidence until three weeks before trial. For the reasons stated, I will deny the defendant's motion.

On May 25, 2021, a grand jury returned an Indictment, charging the defendant, Jason Leab, with conspiring to distribute and possessing with intent to distribute methamphetamine. The magistrate judge thereafter entered an order, directing the government to provide discovery disclosures to the defendant by July 30, 2021. The government made an initial discovery disclosure on July 1, 2021, and

six additional discovery disclosures between September 2021 and May 2022.  In September 2021, the government provided notice of its intent to introduce character evidence pursuant to Rule 404(b) of the defendant's illegal drug activities with his prior source of supply, Bobby Wayne Haislip.  The government represented that it intended to rely in part on Facebook messages between the defendant and Haislip that were obtained from Haislip's account.

The government provided the most recent discovery disclosure that is the subject of this motion on June 28, 2022.  It consists of more than 7,000 pages of material from the defendant's Facebook account, received via a search warrant executed on June 17, 2022.  The government received certified records in searchable digital format from Meta, Inc., Facebook's parent company, ten days later on June 27, 2022.  The government disclosed the materials to defense counsel the next day, and two days later, supplemented that disclosure with the pinpoint pages for approximately 100 pages containing all of the information that the government intends to introduce at trial.  After multiple continuances, the defendant is scheduled for jury trial beginning on July 19, 2022.

The defendant urges the court to preclude the introduction of this evidence pursuant to Federal Rule of Criminal Procedure 16(d)(2) because it was not provided to counsel in a timely manner and is in violation of the court's discovery order.  He contends that the government had ample opportunity to obtain this evidence prior to

his indictment, and certainly before the court-ordered discovery deadline.   The defendant does not seek another continuance, as the case has been pending for some time and has already been continued three times.

In response, the government argues that it is under no obligation to stop investigating the case and that it has fully complied with its ongoing duty to disclose new material.   At oral argument, the government further explained that in preparing for trial, it believed that obtaining messages from the defendant's Facebook account, rather than relying on Haislip's account, would be stronger evidence.   The government asserts that the new evidence is material, as it revealed that the defendant deleted certain messages with Haislip, based on a comparison of their respective accounts, indicating consciousness of guilt.   It is further alleged that in the material the defendant also named fellow co-conspirator, Paul Crone, as a source of supply.   Finally, the government emphasizes that its identification of the relevant pages reduces any burden or prejudice to the defendant.

I will deny the motion.   Rule 16 governs discovery in criminal cases.   Fed. R. Crim. P. 16(a)(1)(B).   The district court is granted "substantial discretion in dealing with a violation of a discovery order."   *United States v. Hammoud*, 381 F.3d 316, 336 (4th Cir. 2004).   The court may direct compliance, a continuance, exclusion of evidence, or "any other order that is just under the circumstances."   Fed. R. Crim. P. 16(d)(2).   In fashioning a suitable sanction, the court must "weigh the reasons for

the government's delay and whether it act intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." *Hammoud*, 381 F.3d at 336 (internal quotation marks and citation omitted). "A continuance is the preferred sanction." *Id.* In fact, "[i]t would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings." *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002); *see also United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (exclusion of defendant's evidence is proper only if the omission is "willful and motivated by a desire to obtain a tactical advantage") (internal quotation marks and citation omitted).

The defendant argues that *United States v. Barber*, No. 3:19-cr-00093-TMB, 2020 U.S. Dist. LEXIS 160550 (D. Alaska Sept. 2, 2020), is instructive. There, the government obtained over 13,000 pages of the defendant's Facebook account in April 2020 but failed to produce the discovery to defense counsel until late August 2020, a mere three days before trial. *Id.* at *4. The government attributed the delay to its need to conduct filter review for privileged communications, as well as reduced urgency due to multiple continuances in the case and the COVID-19 pandemic's impact on normal operations. *Id.* at *8–9. The court determined that the government's delay was unreasonable, reasoning that the duty to disclose is triggered when relevant material comes within the government's possession and that

administrative inefficiencies are no excuse. *Id.* at *9. The court further held that the timing of the disclosure — less than one week before trial — prejudiced the defendant. Even still, the court determined that the most appropriate remedy was a continuance of the trial, not the exclusion of the evidence, because the delay was not in bad faith. *Id.* at *8.

Unlike in *Barber*, there is no allegation here that the government withheld documents in its possession for months prior to their production. The government instead disclosed the materials one day after receiving them — or three days with the specific pinpoints. The number of documents at issue and the timing of their disclosure are also less burdensome to the defendant, as 100 pages more than three weeks before trial is not equivalent to 13,000 pages less than one week before trial. In any event, the defendant does not seek a continuance of the trial, only the exclusion of the evidence. Thus, *Barber* offers little help to the defendant, as the court declined to exclude the evidence given the lack of bad faith.

I find that *United States v. Sams*, No. 4:19-cr-15, 2019 WL 3023746 (S.D. Ga. July 10, 2019), is more applicable to the facts of this case. There, the court held that there was no Rule 16 violation where the government produced six screenshots of photographs and related comments from the defendant's public Facebook page that it obtained less than a week before trial. *Id.* at *1, *3. The government explained that it promptly produced copies and notified defense counsel of its intent to

introduce the materials "very soon after finding and recording [the] posts." *Id.* at
*3. Thus, the court concluded the government had satisfied its Rule 16 obligations,
which were triggered only when the evidence came "within [its] possession, custody,
or control." *Id.* (internal quotation marks and citation omitted); Fed. R. Crim. P.
16(a)(1)(E). The court further noted that the defendant was presumably "aware of
these posts and their contents," and that the Facebook account was public —
meaning that "the information in the screenshots was at least equally available to the
defense and to the Government." *Sams*, 2019 WL 3023746 at *3. Second, the court
held that even if there was a Rule 16 violation the exclusion of the evidence was not
a proper sanction, as the government's delay "was attributable — at worst — to the
fact that it was first discovered through eleventh-hour investigative work which,
while by no means laudable, did not evince any bad faith or dilatory motive." *Id.*

I rule that the same is true in this case. The government avers that its reason
for subpoenaing the defendant's Facebook account at this late stage was only to
bolster evidence that it already had and had disclosed to defense counsel, namely the
messages between the defendant and Haislip, from Haislip's account. The defendant
cannot claim surprise that the government intended to introduce incriminating
statements from Facebook messages with Haislip, although the discovery includes
additional facts and statements. Namely, the government also discovered that the
defendant had also deleted certain messages and identified a co-conspirator by name.

To be clear, while I do not "condone the Government's waiting until the eleventh hour to conduct investigative work that could have been performed months prior to trial," I nonetheless find that there is no evidence of bad faith. *Id.* Thus, even assuming there is a Rule 16 violation, I decline to impose the extreme sanction of exclusion.

For these reasons, it is **ORDERED** that the defendant's Motion in Limine, ECF No. 588, is DENIED.

ENTER:  July 8, 2022

/s/ JAMES P. JONES
Senior United States District Judge